1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    THOMAS JOHN CARLSON,                       No.  2:14-cv-02843 DB

12                   Plaintiff,

13          v.                                    ORDER

14    B. DUFFY, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18    action under 42 U.S.C. § 1983.  Before the court are plaintiff's two motions to appoint counsel

19    due to his medical impairments and lack of legal education and experience (ECF Nos. 31; 35) and

20    motion for injunctive relief (ECF No. 27).  For the reasons set forth below, the court denies the

21    motions to appoint counsel and the motion for injunctive relief.

22          Plaintiff is proceeding on a fifth amended complaint.[1]  He alleges that defendants violated his

23    due process rights by withdrawing money from his inmate trust account -- which is funded by

24    plaintiff's veteran's disability benefits -- without his permission and in violation of federal law

25    concerning the exemption of veteran's benefits from creditor claims.   (ECF No. 23.)  According to

26

27    ---
      [1]  Plaintiff subsequently filed a sixth (ECF No. 29) and a seventh (ECF No. 33) amended
      complaint; however, plaintiff only received leave of the court (ECF No. 22) to file the fifth
28    amended complaint.  Accordingly, the court proceeds on the fifth amended complaint.

                                                    1

1  plaintiff's motion for injunctive relief, he seeks to stop defendants from withdrawing funds from

2  plaintiff's veteran's benefits to pay for the costs associated with litigation he is involved in -- i.e., the

3  costs for copies, envelopes, and postage for legal mail.  (ECF No. 27.)

4      The previous magistrate judge assigned to this case, Judge Kendall J. Newman, denied

5  plaintiff's initial motion for appointment of counsel.  (ECF No. 25.)

6  I.      Motions for Appointment of Counsel

7      Plaintiff's latest motions (ECF Nos. 31; 35) to appoint counsel are identical to the motion

8  (ECF No. 24) filed on June 17, 2016.  On June 29, 2016, Judge Newman denied the motion to appoint

9  counsel, finding that plaintiff's case did not present the requisite exceptional circumstances.  (ECF

10  No. 25.)

11      As plaintiff has been informed, the United States Supreme Court has ruled that district

12  courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See

13  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional

14  circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §

15  1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright,

16  900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an

17  evaluation of both the likelihood of success on the merits and the ability of the plaintiff to

18  articulate his claims on his own in light of the complexity of the legal issues involved.  See

19  Terrell, 935 F.2d at 1017.  Circumstances common to most prisoners, such as lack of legal

20  education and limited law library access, do not establish exceptional circumstances that would

21  warrant a request for voluntary assistance of counsel.

22      Plaintiff's circumstances have not changed since the court last denied his motion to appoint

23  counsel.  In fact, as noted above, plaintiff has now filed the identical motion three separate times.

24  Plaintiff's medical issues do not, in themselves, demonstrate exceptional circumstances warranting

25  the appointment of counsel, nor, as noted above, does plaintiff's lack of legal education establish

26  exceptional circumstances.  Plaintiff's claims appear to be relatively straightforward.  Plaintiff has not

27  represented that his complaint was prepared by someone other than himself.  Moreover, even if it was,

28  plaintiff does not state that the individual who assisted him in drafting his complaint is now

2

1   unavailable to him.

2       For these reasons, the court finds that plaintiff's motions for appointment of counsel do not

3   present sufficiently exceptional circumstances warranting the appointment of counsel at this time.

4   Accordingly, plaintiff's motions for appointment of counsel will be denied.

5   II.     Motion for Injunctive Relief

6       A temporary restraining order is an extraordinary measure of relief that a federal court

7   may impose without notice to the adverse party only if, in an affidavit or verified complaint, the

8   movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the

9   movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A).

10  Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary

11  restraining order shall be granted in the absence of actual notice to the affected party and/or

12  counsel[.]"  In the absence of such extraordinary circumstances, the court construes a motion for

13  temporary restraining order as a motion for preliminary injunction.  See, e.g., Aiello v. One West

14  Bank, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092, at *1–2 (E.D. Cal. Jan. 29, 2010).

15      A party requesting preliminary injunctive relief must show that "he is likely to succeed on

16  the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

17  balance of equities tips in his favor, and that an injunction is in the public interest." Winter v.

18  Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief

19  hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean

20  Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

21      Alternatively, under the so-called sliding scale approach, as long as the plaintiff

22  demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the

23  public interest, a preliminary injunction may issue so long as serious questions going to the merits

24  of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for

25  the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the

26  "serious questions" version of the sliding scale test for preliminary injunctions remains viable

27  after Winter).

28  ////

3

1      The principal purpose of preliminary injunctive relief is to preserve the court's power to

2  render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R.

3  Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is

4  that the relief awarded is only temporary and there will be a full hearing on the merits of the

5  claims raised in the injunction when the action is brought to trial.  The Ninth Circuit Court of

6  Appeals held that there must be a "sufficient nexus between the claims raised in a motion for

7  injunctive relief and the claims set forth in the underlying complaint itself."  Pacific Radiation

8  Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015).  That relationship is

9  sufficient to support a preliminary injunction where the injunctive relief sought is "'of the same

10  character as that which may be granted finally.'"  Id. (quoting De Beers Consol. Mines v. United

11  States, 325 U.S. 212, 220 (1945)).  "Absent that relationship or nexus, the district court lacks

12  authority to grant the relief requested."  Id.

13      Plaintiff's motion for injunctive relief is incomplete and only contains a proposed order

14  imposing the requested injunctive relief.  (ECF No. 27.)  As explained above, a request for a

15  temporary restraining order is an extraordinary measure that will be imposed only if the movant

16  "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant

17  before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  Plaintiff's

18  barebones motion merely states the relief sought and is unsupported by any argument or evidence.

19  Accordingly, plaintiff's motion for injunctive relief will be denied without prejudice.

20  III.    Conclusion

21      For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motions for

22  appointment of counsel (ECF Nos. 31; 35) are denied and plaintiff's motion for injunctive relief

23  (ECF No. 27) is denied without prejudice.

24  Dated:  January 20, 2017

25

26

27                        DEBORAH BARNES

                        UNITED STATES MAGISTRATE JUDGE

28  TIM-DLB:10
  DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / carl2843.tro.mta