UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN CARLSON,<br><br>Plaintiff,<br><br>v.<br><br>B. DUFFY, et al.,<br><br>Defendants. | No. 2:14-cv-2843 KJM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants illegally removed his Veteran's Disability benefits without his permission. Presently before the court is plaintiff's motion for preliminary injunction (ECF No. 55) and defendants' opposition (ECF No. 56). For the reasons set forth below, the court will recommend that plaintiff's motion be denied.

I. **Plaintiff's Motion for Preliminary Injunction**

Plaintiff filed a motion for preliminary injunction requesting an order preventing prison officials from maintaining possession of plaintiff's legal documents related to this case and directing officials to refrain from messing up plaintiff's property when conducting searches of his living area. (ECF No. 55.) Plaintiff claims that California Medical Facility ("CMF") staff conducted a search of his dormitory living quarters on June 14, 2018. (Id. at 5.) He states officers confiscated all of his legal paperwork related to this action, paperwork involving administrative grievances he is in the process of exhausting, and documents related to a petition for writ of habeas corpus he is in the process of filing. (Id.)

**II. Defendant's Opposition**

Defendants filed an opposition in which they argue that plaintiff has failed to show he is likely to succeed on the merits, failed to show he is likely to suffer irreparable harm without an injunction, and failed to show the public interest and balance of equities supports his motion. (ECF No. 56.) They argue that plaintiff's request regarding his legal materials is not related to his underlying claims in this action and that the individuals who plaintiff alleges confiscated his property are not named defendants in this action. They further argue that plaintiff's claim, if proven, can be remedied by money damages and so he has not shown he will suffer irreparable harm without an injunction.

**A. Legal Standards**

A party requesting injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose for preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is

not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[1] The Supreme Court has cautioned the federal courts not to interfere with day-to-day operations of the prisons, especially those decisions related to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. See Turner v. Safley, 482 U.S. 78 (1987).

**B. Analysis**

Plaintiff has failed to show he will suffer irreparable harm if he is not granted injunctive relief. To prevail on a claim regarding denial of access to the courts, it is not enough for an inmate to show some sort of denial. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Lewis v. Casey, 518 U.S. 343, 348 (1996). Plaintiff has not shown that without an injunction he will miss a deadline or have this action dismissed. Thus, plaintiff has failed to show that in the absence of preliminary relief he will imminently suffer irreparable harm on the merits

---

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

of the instant litigation.  See Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984) (A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action.).

Additionally, plaintiff's complaints regarding the search and confiscation of his property are not related to his underlying claim in this action that defendants have improperly taken his Veteran's Disability benefits.  Therefore, it is improper for the court to grant plaintiff's motion for injunctive relief related to the return of his documents or directing CMF officials to refrain from searching plaintiff's living area.  See Pacific Radiation Oncology, LLC, v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015) (holding there must be a "sufficient nexus between the request in a motion for injunctive relief and the underlying claim itself.").  Accordingly, the court will recommend plaintiff's motion be denied.

Plaintiff has not shown he is entitled to injunctive relief.  However, because it appears that plaintiff has had limited access to materials he may need to oppose defendants' summary judgment motion, the court will grant plaintiff an extension of time.  Further, the court will direct counsel for defendants to inform the court of the status of plaintiff's legal materials related to this case and how frequently he is allowed to access those materials.

Accordingly, IT IS HEREBY ORDERED that:

1. Counsel for defendants is instructed to:
    a. Contact the Litigation Coordinator at California Medical Facility to determine plaintiff's ability to access his legal property related to this case; and
    b. Within fourteen days after the filing of this order, file and serve a statement reflecting the findings of such inquiry, including all appropriate declarations.
2. Plaintiff is granted a thirty-day extension of time to respond to defendants' motion for summary judgment.  Should plaintiff require additional time he may file a request stating the amount of time he needs and explaining why he requires additional time.

////
////
////

4

Further, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 55) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 18, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner Civil Rights/carl2843.pi