UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN CARLSON, | No. 2:14-cv-2843 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| B. DUFFY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff claims defendants improperly removed Veteran's Disability funds from his prison trust account in violation of his Due Process rights.

On August 23, 2018 defendants filed a motion for summary judgment. (ECF No. 53.) Thereafter plaintiff was granted two extensions of time to file an opposition. (ECF Nos. 57, 61.) The court also directed defendants to contact the litigation coordinator at the facility where plaintiff is presently housed to ensure plaintiff had access to his legal property related to this action. (ECF No. 57.) Defendants response indicated that prison officials confiscated some of plaintiff's property because plaintiff possessed more than the maximum 7 cubic feet of allowable property. (ECF No. 58.) Plaintiff was permitted to designate what property was in excess of the maximum and packed it for placement and safekeeping in the facility's Main Property room where plaintiff could access it upon request.

Plaintiff has filed a document captioned "Objections to Magistrate Judge's Findings and Recommendations to Deputy Attorney General Neculai Grecea's Proposed Summary Judgment

for Defendants." (ECF No. 62.) Review of the document shows that it is responsive to defendants' motion for summary judgment and plaintiff states it is opposition to the motion for summary judgment. (See ECF No. 62 at 13.) Accordingly, the court will construe this document as plaintiff's opposition.

Plaintiff has also filed a motion to appoint counsel. (ECF No. 63.) Plaintiff argues the court should appoint counsel because he is uneducated in the law, cannot afford counsel, and is unable to obtain discovery materials because he is incarcerated.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff has not shown that he is unable to articulate his claims pro se. He has stated a potentially cognizable claim, filed responsive documents, and cited relevant legal authority. Accordingly, the court will deny plaintiff's motion to appoint counsel without prejudice to its renewal in the future.

////
////
////
////

Accordingly, IT IS HEREBY ORDERED that:

1. The court construes plaintiff's Objections filed November 26, 2018 (ECF No. 62) as his opposition to defendants' motion for summary judgment; and

2. Plaintiff's motion to appoint counsel (ECF No. 63) is denied without prejudice.

Dated: December 5, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner Civil Rights/carl2843.mta

3