UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN CARLSON, | No. 2:14-cv-2843 KJM DB P |
| Plaintiff, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| B. DUFFY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants removed Veterans Disability Benefits ("VDB") funds from his inmate trust account in violation of 38 U.S.C. § 5301(a). Presently before the court is defendants' motion for summary judgment (ECF No. 53). For the reasons set forth below, the court will recommend that the motion be granted.

## BACKGROUND

### I. Procedural History

This action was initiated when plaintiff filed three separate lawsuits in the Solano County Superior Court against various California Department of Corrections and Rehabilitation ("CDCR") employees alleging that deductions from his inmate trust account were actually holds against future VDB payments. (ECF No. 53-3 at 5-36.) Defendants moved to consolidate the three cases because they shared a common issue of law. (ECF No. 53-3 at 47.) On December 5, 2014, defendants removed the consolidated action to the Eastern District of California.

////

(See ECF Nos. 1, 2.)  Thereafter, plaintiff filed a first amended complaint (ECF No. 7) and a second amended complaint (ECF No. 10).

The previously assigned magistrate judge directed plaintiff to submit a third amended complaint that complied with the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  (ECF No. 12.)  Thereafter, plaintiff filed two more amended complaints (ECF Nos. 14, 18).  The previously assigned magistrate judge found the Fourth Amended Complaint (ECF No. 18) stated a claim, but failed to clearly identify the defendants, and he was directed to file another amended complaint.  (ECF No. 22.)  In response, plaintiff filed three amended complaints.  (ECF Nos. 23, 29, 33.)

Upon screening plaintiff's Seventh Amended Complaint (ECF No. 33), the undersigned found plaintiff stated a potentially cognizable claim for improper removal of his VDB against Robert Fox, the warden at California Medical Facility ("CMF"), and Scott Kernan, CDCR Secretary.  (ECF No. 39.)  Following the close of discovery, defendants filed the instant motion to dismiss and motion for summary judgment.  (ECF No. 53.)  Plaintiff has filed an opposition (ECF No. 62) and defendants have filed a reply (ECF No. 64.)

**II.     Allegations in the Complaint**

Plaintiff claims defendants violated his rights under the Due Process Clause by removing VDB funds from his prison trust account to pay for legal materials such as, copies, envelopes, and postage, he requested from the law library.  (ECF No. 33 at 20.)  He claimed prison officials should have known that his VDB were exempt from restitution, liens, attachments, and holds deductions.

Plaintiff states he is required to sign a CDC-193 Form, authorizing a withdrawal from his inmate trust account, in order to get copies, which have been ordered by the district court.  (ECF No. 33 at 25-27.)  He states that he writes in the purpose line of the CDC-193 Form, "To be in compliance with Federal and State Statute Section 5301 and California Code of Civil Procedure Section 483.013, No use of V.A. Benefits."  He claims this notation serves as notice to prison officials that he has not consented to the use of VDB funds in his account to pay for legal

////

2

materials. Plaintiff seeks repayment of funds he claims were improperly removed, as well as compensatory and punitive damages. (ECF No. 33 at 29-30.)

### III. Previous Litigation of Similar Claim

Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 in the Eastern District of California in April 2013. He alleged defendant CDCR employees violated his rights under 38 U.S.C. § 5301(a) based on payments for legal copies withdrawn from VDB deposited in his inmate trust account. See Carlson v. Duffy, No. 2:13-cv-0766 TLN AC P. Summary judgment was granted for defendants because plaintiff had not put forth sufficient facts to show that any named defendants personally participated in the alleged rights violation and defendants were entitled to qualified immunity. Carlson v. Duffy, No. 2:13-cv-0766 TLN AC P, 2015 WL 966158 (E.D. Cal. Mar. 4, 2015). The magistrate judge noted in the findings and recommendations that plaintiff "attempted to manipulate the accounting system in order to avoid paying for copying." Id. at *10. Plaintiff appealed the decision, and the Ninth Circuit held that summary judgment was properly granted. Carlson v. Duffy, 672 Fed.Appx. 721 (9th Cir. 2016).

## SUMMARY JUDGMENT

Defendants argue that the court should dismiss this action for failure to state a claim because California law provides a post-deprivation remedy and plaintiff has not shown that defendants personally participated in the alleged violations. (ECF No. 53.) Defendants additionally move for summary judgment on the grounds that plaintiff lacks competent evidence to show that defendants Fox and Kernan were involved in the withdrawals, the withdrawals complied with applicable law, and defendants are entitled to qualified immunity.

Plaintiff's argues in opposition that defendants may not remove any VDB from his inmate trust account without his consent. (ECF No. 62.) He claims that although he has signed CDC-193 forms authorizing payment for requested legal materials, he stated on the forms "no use of VA Benefits." Plaintiff argues that this notation serves as written notice to the accounting staff that he does not consent to the removal of his VDB funds. Thus, he claims the use of VDB funds to pay for requested legal materials is a levy against his benefits in violation of 38 U.S.C. § 5301(a).

Defendants argue in their reply that plaintiff has not alleged sufficient facts to show that Fox and Kernan were involved in the withdrawal of funds from his account, the deductions from his account complied with the law, and they are entitled to qualified immunity and Eleventh Amendment immunity. (ECF No. 64.)

I. **Summary Judgment Standards under Rule 56**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

////

If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 477 U.S. at 248.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. at 288-89 (1968). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Costa Cnty. Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (per curiam) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record is taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

On a motion for summary judgment, it is inappropriate for the court to weigh evidence or resolve competing inferences. "In ruling on a motion for summary judgment, the court must leave '[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts' to the jury." Foster v. Metropolitan Life Ins. Co., 243 Fed.Appx. 208, 210 (9th Cir. 2007) (quoting Anderson, 477 U.S. at 255).

**II.     Material Facts**

Defendants filed a Statement of Undisputed Facts ("DSUF") as required by Local Rule 260(a). (ECF No. 53-2.) Plaintiff's filing in opposition to defendants' motion for summary judgment fails to comply with Local Rule 260(b). Rule 260(b) requires that a party opposing a motion for summary judgment "shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial."

While "[p]ro se litigants must follow the same rules of procedure that govern other litigants," King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted), overruled on other grounds, Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc), it is well-established that the pleadings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium). The unrepresented prisoners' choice to proceed without counsel "is less than voluntary" and they are subject to "the handicaps . . . detention necessarily imposes upon a litigant," such as "limited access to legal materials" as well as "sources of proof." Jacobsen v. Filler, 790 F.2d 1362, 1364-65 & n.4 (9th Cir. 1986) (citations and internal quotation marks omitted). Inmate litigants, therefore, should not be held to a standard of "strict literalness" with respect to the requirements of the summary judgment rule. Id. at 1364 n.4 (citation omitted).

The court is mindful of the Ninth Circuit's more overarching caution in this context, as noted above, that district courts are to "construe liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary judgment rules strictly." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). Accordingly, the court considers the record before it in its

entirety despite plaintiff's failure to be in strict compliance with applicable rules. However, only those assertions in the opposition which have evidentiary support in the record will be considered. In light of plaintiff's pro se status the court has reviewed plaintiff's filings in an effort to discern whether he denies any material fact asserted in defendant's DSUF.

### A. Undisputed Facts

Plaintiff served in the Marine Corps prior to being incarcerated and receives Veterans Affairs disability benefits, VDB, related to an injury sustained during his military service. (DSUF (ECF No. 53-2) Issue No. 2, ¶ 3, 4.) Plaintiff does not work and the only funds deposited into his inmate trust account are his monthly VDB. (DSUF (ECF No. 53-2) Issue No. 2, ¶ 5.)

Inmates at CMF, including plaintiff, are permitted to visit the prison canteen once a month at a time determined by their inmate number. (DSUF (ECF No. 53-2) Issue No. 2, ¶ 13.) When plaintiff goes to the canteen, a canteen worker provides plaintiff with information about his account balance. (DSUF (ECF No. 53-2) Issue No. 2, ¶ 12, 14.) Typically, plaintiff spends all, or almost all, of his available funds on canteen purchases. (DSUF (ECF No. 53-2) Issue No. 2, ¶ 15.) Plaintiff also routinely visits the law library where he signs a CDC-193 Form authorizing withdrawals from his trust account to pay for requested legal materials. (DSUF (ECF No. 53-2) Issue No. 2, ¶ 16.) Plaintiff writes "no use of VA benefits" on each authorization form. (DSUF (ECF No. 53-2) Issue No. 2, ¶ 17.)

Under prison regulations, inmates with $1.00 or less in their trust account for 30 consecutive days must be provided with legal materials at no costs to the inmate. (DSUF (ECF No. 53-2) Issue No. 2, ¶ 19; Cal. Code Regs. tit. 15, § 3162.) Because plaintiff receives a monthly check, he does not qualify for free legal materials. (Declaration of C. Hall (ECF No. 53-4 at 4 ¶ 14).) Plaintiff is aware that he will receive free legal materials if he does not have funds in his inmate trust account when a request for legal materials is made. (DSUF (ECF No. 53-2) Issue No. 2, ¶ 20.) If there are available funds in plaintiff's account when he requests legal materials, deductions are made. (DSUF (ECF No. 53-2) Issue No. 2, ¶ 22.) When plaintiff requests materials, but has no funds in his account, he is not charged for legal materials. (DSUF (ECF No. 53-2) Issue No. 2, ¶ 21.)

Prison staff have explained to plaintiff how deductions are processed. (DSUF (ECF No. 53-2) Issue No. 2, ¶ 34.) Staff members in the Trust Office at CMF have been instructed to take particular note when processing withdrawal authorizations for plaintiff and other veterans to ensure that no mistakes are made when funds are removed from their accounts. Where funds were mistakenly removed they were refunded. (DSUF (ECF No. 53-2) Issue No. 2, ¶ 28.)

### B. Disputed Facts

Upon review of the record, the court finds that there are no material facts in dispute.

## III. Analysis

### A. Personal Participation

A claim under § 1983 will not survive summary judgment if the non-moving party presents no evidence supporting a reasonable inference that there was an actual connection or link between the defendants' challenged conduct and the alleged deprivation of plaintiff's constitutional or statutory rights. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976); Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knew or reasonably should have known would cause others to inflict the injury. Id. at 743-44. When an inmate seeks money damages, as opposed to injunctive relief, the inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. See Leer, 844 F.2d at 633. Sweeping conclusory allegations will not suffice to prevent summary judgment. Id. at 634.

In the present case, plaintiff has named as defendants CDCR Secretary Kernan and CMF Warden Fox. Defendants argue the allegations in the complaint are conclusory and fail to state a

claim against either defendant. (ECF No. 53 at 19-21.) The only mention of defendants Kernan and Fox in the body of the complaint states that they "had actual knowledge of the acts complained of and allowed them to happen." (ECF No. 33 at 22.)

Plaintiff has not presented any evidence in his opposition that would support a reasonable inference that either defendant was personally involved in the removal of funds from his trust account. His sole argument on this issue in his opposition directs the court to read the CDCR Operations Manual on each defendant's job description. (ECF No. 62 at 7.) Such allegations against supervisory defendants are insufficient to state a claim. See Lopez v. Cate, No. C 11-2644 YGR (PR), 2012 WL 4677221, at *10 (N.D. Cal. Sept. 30, 2012) (broad allegations that CDCR secretary and prison warden are "legally responsible" for prison operations and the welfare of inmates do not, by themselves, suffice to state a claim for supervisory liability). Further plaintiff admitted during his deposition that "the business services associate warden" made the deductions from his trust account and he named Kernan and Fox because of their positions of authority. (DSUF (ECF No. 53-2) Issue No. 1, ¶ 5, 7.) This is not sufficient to establish personal participation and government officials may not be held liable for the conduct of their subordinates on a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009). Rather, each government official may only be held liable for his own misconduct. Bowell v. Cal. Substance Abuse Treatment Facility, No. 1:10-cv-2336 AWI DLB PC, 2011 WL 2224817, at *4 (E.D. Cal. June 7, 2011).

Plaintiff has failed to present any evidence supporting a reasonable inference that either defendant personally participated in the conduct challenged by plaintiff. Accordingly, summary judgment should be granted on behalf of defendants Fox and Kernan.

**B. Deductions Did Not Violate Applicable Law**

The Due Process Clause protects inmates from unauthorized deductions. Vance v. Barrett, 345 F.3d 1083, 1090-91 (9th Cir. 2003) (deductions from prisoner's accounts without statutory authorization require procedural safeguards); Wright v. Riveland, 219 F.3d 905, 913 (9th Cir. 2000) ("inmates have a protectable property interest in funds received from outside sources"). A state agency "violates the Due Process Clause of the Fourteenth Amendment when

it prescribes and enforces forfeitures of property '[w]ithout underlying [statutory] authority and competent procedural protections.'" Nevada Dep't of Corr. v. Green, 648 F.3d 1014, 1019 (9th Cir. 2011) (quoting Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)). However, the Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). "California provides an adequate post deprivation remedy for any property deprivations." Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

"Section 5301(a) was designed to protect veteran's benefits against their creditors so that the veterans themselves could spend those funds as they saw fit when they actually got them, and not before." Nelson v. Heiss, 271 F.3d 891, 894 (9th Cir. 2001). Thus, it reads, in pertinent part:

> Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.

38 U.S.C. § 5301(a)(1). An alleged violation of federal statutory rights under 38 U.S.C. § 5301(a)(1) may be pursued as a civil rights action under 42 U.S.C. § 1983. See Higgins v. Beyer, 293 F.3d 683, 689-90 (3rd Cir. 2002) (New Jersey statute authorizing collection of victims' restitution assessments from inmate trust accounts void to the extent that it allowed deduction from inmates' veteran's disability benefits).

In Nelson, the Ninth Circuit held § 5301(a)(1) precluded prisons from placing insufficient-fund "holds" on a prisoner's trust account when the only anticipated funds for satisfying the withdrawal order are Veterans Benefits. 271 F.3d at 895. The plaintiff in Nelson was a state prisoner, who funded his inmate trust account solely with Veterans Benefits. The inmate submitted two withdrawal orders to pay for copies of his medical records and for dental appliances. At the time the requests were submitted the inmate "did not have funds in the account to cover those purchases, but the prison did not 'bounce' his withdrawal orders. Rather, it granted what it saw as a kind of overdraft protection, provided the goods and services, and placed a hold on the account so that it could be repaid when funds did arrive." Id. at 893. The court concluded

that, "§ 5301(a) precludes prison officials from placing holds on Nelson's account," but "does not preclude Nelson from directing payments be deducted from funds which exist in his account at the time that he issues the direction. Nothing we say here precludes him from currently spending the benefits he has received." Id. at 896 (fn. Omitted).

Defendants have put forth evidence showing that the challenged withdrawals did not violate § 5301 as interpreted by the Ninth Circuit in Nelson. Defendants produced records of plaintiff's inmate trust account from January 2012 to April 2018 showing that no future VDB funds were ever encumbered due to a charge for legal materials. (DSUF (ECF No. 53-2) Issue No. 2, ¶ 23.) These records also show that funds were withdrawn based on plaintiff's request for legal materials when plaintiff maintained a positive account balance. (Declaration of C. Hall (ECF No. 53-4) Exh. A.) Defendants have also put forth evidence showing that when funds are withdrawn in error they are returned. (DSUF (ECF No. 53-2) Issue No. 2, ¶ 27, 28.)

Plaintiff does not dispute the accuracy of the records. Instead he argues that defendants are not allowed to remove any VDB funds from his account without his express consent. Plaintiff claims his situation is analogous to the inmate in Higgins v. Beyer, 293 F.3d 683 (3rd Cir. 2002). In Higgins, the plaintiff was an inmate who received a VDB check in the amount of $7,608. Higgins, 293 F.3d at 686. Prison officials refused to allow the inmate access to his VDB funds unless he agreed to use a portion of such funds to pay a $1,000 fine imposed in connection with his criminal sentence. Id. at 687. Prison officials then authorized payment of the fine from the VDB funds, over the inmate's objection. Id. at 687. The Third Circuit held that the inmate stated a claim for a violation if his rights under § 5301 because prison officials removed the funds without his permission. Id. at 690.

The facts at issue here are distinguishable from those in Higgins, because plaintiff chooses to use funds in his account when he requests legal materials. Plaintiff is aware that if there is a positive balance in his trust account that he is required to pay for requested legal materials. By signing the CDC-193 form he acknowledges that any existing funds in his trust account may be used pay for the items he requests. Further, the inmate in Higgins was prohibited from accessing his VDB funds unless he agreed to use a portion of those funds to pay a fine. Here, plaintiff can

11

and often does, wait to request legal materials until he has used all of his VDB at the prison canteen. Thus, he is not prohibited from using his VDB as he sees fit.

Additionally, § 5301, as interpreted by the Ninth Circuit, allows payments to be deducted on plaintiff's direction when he has a positive account balance. See Nelson, 271 F.3d at 896 (statute "does not preclude Nelson from directing payments be deducted from funds which exist in his account at the time that he issues the direction. Nothing we say here precludes him from currently spending the benefits he has received."). Plaintiff's argument that he has not consented to the withdrawals is contradicted by his acknowledgement that he can be charged for requested materials when he maintains a positive account balance and his signatures on the CDC-193 forms. (DSUF (ECF No. 53-2) Issue No. 2, ¶ 30.) Withdrawals made when plaintiff has a positive account balance do not violate due process or plaintiff's rights under § 5301 because plaintiff authorizes payment for his requested materials when he signs the CDCR-193 forms. Additionally, to the extent withdrawals are made in error and not refunded, there is an adequate post-deprivation remedy under California law available to him.

Defendants have put forth evidence showing that the contested withdrawals did not violate plaintiff's due process rights or § 5301. Plaintiff has failed to establish the existence of a material factual dispute regarding the contested withdrawals. Accordingly, summary judgment should be granted in favor of defendants.

**CONCLUSION**

For the reasons set forth above, plaintiff has not put forth sufficient evidence to show that defendants were personally involved in the conduct complained of or that defendants violated his rights under § 5301(a). Thus, summary judgment should be granted in favor of defendants.[1]

Accordingly, IT IS HEREBY RECOMMENDED that defendants motion for summary judgment be granted.

////

---

[1] Because the court has found that defendants did not violate the law, the court need not address defendants' arguments on qualified immunity. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 26, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner Civil Rights/carl2843.msj.f&rs